**UNITED STATES v. 11,118 SQUARE FEET AND 1,100 SQUARE FEET OF LAND IN FIFTH WARD OF CITY OF JOHNSTOWN, CAMBRIA COUNTY, PA., et al.**

**SAME v. 6,376 SQUARE FEET OF LAND IN FIFTH WARD OF CITY OF JOHNSTOWN, CAMBRIA COUNTY et al.**

Civil Actions Nos. 1543, 1579.

District Court, W. D. Pennsylvania.

Jan. 27, 1945.

I. A. Melnick, of Pittsburgh, Pa., for exceptants.

Harry E. Simmons, of Johnstown, Pa., for exceptant heirs of Jas. H. Geer.

Frank P. Barnhart and A. Lloyd Adams, both of Johnstown, Pa., for Hellenic Orthodox Church.

SCHOONMAKER, District Judge.

In proceedings at No. 1543 Civil Action, the United States, on August 19, 1941, instituted condemnation proceedings in connection with the construction, operation, and maintenance of a permanent channel for the Stonycreek River in Johnstown, Pennsylvania.

The United States acquired by judicial process a perpetual right and easement in a parcel of land in Johnstown, Penn'a, designated as Parcel No. L/62, and a temporary right or easement in a parcel of land in Johnstown, designated as Parcel No. L/63.

Viewers were duly appointed, and under their report awarded damages to the owners of said tracts in the sum of $5250. This award was made to Hellenic Orthodox Church as its interest appears in the chain of title.

In proceedings at No. 1579 C. A. in connection with the same project, the United States instituted condemnation proceedings on August 27, 1941, whereby it acquired a perpetual easement in land described as L/61. Damages were awarded to the owners thereof in the sum of $3750 to the Traders' Discount Corporation, assignee of the assets of the First National Bank of Johnstown.

Exceptions to the Report of Viewers were filed in these two cases: one, by Harry E. Simmons, attorney for the heirs (names not given) of James H. Geer, claiming that four-fifths of the damages in each of the above-stated cases should be paid to these heirs; and the other, by the Traders' Discount Corporation, claiming that the same four-fifths of the damages in these two cases should be paid to it. The court heard

these two exceptions at the same time, because they are based on the facts common to both cases. They may briefly be stated as follows:

In 1894 the Brethern Church of Johnstown owned both properties, and by deed dated June 25, 1894, conveyed a part of this property to James H. Geer (being the property involved in the condemnation proceedings at No. 1579 C. A.), in which the Viewers awarded to the Traders' Discount Corporation damages for the land and rights taken by the United States. That deed from the Brethern Church to James H. Geer contained an agreement in words as follows:

"It is expressly agreed and understood between the parties hereto that in the event of the widening of the Stony Creek River by the authorities of the City of Johnstown, Penna. that any damages awarded for the taking of any of the land herein conveyed as well as that of the Brethern Church shall be apportioned as follows: to James H. Geer the four fifths and the Brethern Church the remaining one fifth."

Later, by sundry conveyances this property was conveyed by the executors of James H. Geer to M. D. Beaver; then by him to the First National Bank of Johnstown; and then by the Receivers of the Bank to the Traders' Discount Corporation; to which corporation the Viewers awarded damages in Civil Action No. 1579 in the sum of $3750. In none of the conveyances above-mentioned was there any reference to the agreement above-quoted from the deed of the Brethern Church to James H. Geer.

The title to the other piece of property involved in the proceedings at Civil Action No. 1543 remained in the Brethern Church till 1924, when it was conveyed to Major General Charles T. Menoher Home Aid Association. This Association in 1926 conveyed this property to the Hellenic Orthodox Church, to which church the Viewers awarded damages in the sum of $5250.00. In none of the conveyances of this property was there any mention made of the agreement above-quoted contained in the deed of the Brethern Church to James H. Geer.

In our opinion, the clause in the deed from the Brethern Church to James H. Geer has no controlling effect on the apportioning of damages awarded in these two cases. That agreement was made some forty-seven years before condemnation proceedings by the United States were instituted under an Act of Congress approved August 28, 1937, 50 Stat. 876, authorizing the construction of public works, or other works, for the protection of the City of Johnstown, Pennsylvania, from floods by channel enlargement. It is a mere personal agreement between the Brethern Church and Geer as to apportionment of damages, and could apply only to damages, if any, awarded in event of the widening of the Stony Creek River by the authorization of the City of Johnstown. It is not in any sense a covenant running with the land. The City of Johnstown did not widen the Stony Creek River, and did not take by eminent domain any of the properties herein involved, or any rights with reference thereto.

Therefore both exceptions in these two cases will be overruled; and the reports of the Viewers will be confirmed absolutely.

An order may be submitted accordingly by the United States Attorney on notice to interested counsel.